(121 App. Div. 247)

MORRISSEY v. DWYER.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—PLACES FOR WORK.

In an action for the death of plaintiff's intestate by falling from an unprotected runway 18 inches wide suspended in the air, evidence *held* to sustain the finding that defendant was negligent in failing to provide a safe place for the plaintiff's intestate to work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 958–968.]

**2. SAME—RISKS ASSUMED BY SERVANT—RELIANCE ON CARE OF MASTER.**

Where an employé, transporting material to a platform in a wheelbarrow, was obliged to· return with his wheelbarrow along an unprotected runway 18 inches wide suspended in the air, the risk he assumed was that of moving his barrow along a narrow elevated runway whose condition had been made reasonably safe, and not the risk incident to an effort to free his barrow, which had been caught in an obstruction in the runway.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 551–558.]

**3. SAME—CONTRIBUTORY NEGLIGENCE—METHODS OF WORK.**

Where an employé, transporting material to a platform in a wheelbarrow along a runway, was followed by others so that he could not return on the same runway, he was not guilty of contributory negligence in attempting to return on another runway provided for the purpose, and from which he fell and was killed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 743–758.]

**4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.**

Where an employé was thrown from a runway along which he was moving a wheelbarrow by the barrow becoming caught in· an obstruction in the runway, *held*, that the question of his contributory negligence in allowing his barrow to become caught in the obstruction was for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

**5. SAME.**

In an action for the death of an employé, who, while pushing a wheelbarrow along a narrow runway, allowed the barrow to become caught in an obstruction in the runway, and while attempting to extricate it fell and was killed, evidence *held* to sustain the finding that he was not guilty of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 987–996.]

Appeal from Trial Term, Kings County.

Action against Ellen Morrissey, as administratrix of the goods, chattels, and credits of Michael Morrissey, deceased, against Thomas Dwyer, to recover for the death of plaintiff's intestate. From a judgment for plaintiff, and from an order denying defendant's' motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, and RICH, JJ.

John C. Robinson, for the appellant.
William J. Courtney, for the respondent.

HOOKER, J. The plaintiff's intestate was a workman in the employ of the defendant, who was engaged in the construction of the Hall of Records in Brooklyn. At the time of his death he was engaged in using a runway on the third floor of the incompleted building. From the elevator used to hoist building materials to the level of the third floor had been constructed a so-called runway of two planks, 18 inches wide over all, to another part of that floor to a platform. A return runway from the platform to the elevator, similar in construction and in width, had also been constructed and was in use. These runways were used for the transportation of building materials from the elevator to the platform by means of wheelbarrows, and the return run-

way was for the purpose of allowing the men with their barrows to return to the elevator in case the first runway was occupied by other advancing wheelbarrows. At a point 10 to 15 feet from the platform a derrick had been erected near the return runway, part of whose principal structure came to within a few inches thereof. A cogwheel connected with the derrick extended partly over the return runway. On the morning of the accident the plaintiff's intestate, with others, was put to work transporting materials from the elevator to the platform, and, because he was followed on the platform and on the going runway by other laborers with barrows, he essayed to reach the elevator by way of the return runway. The extent of the obstruction of the derrick to free passage along this runway is described by the statement that a man with a loaded wheelbarrow could not pass the derrick, but that by being careful he could take an empty wheelbarrow along that way by turning it sidewise. The plaintiff's intestate appears to be the first who used that passage on the morning of the accident, and, while the evidence of the plaintiff's witnesses is somewhat conflicting in the exact manner in which he was moving his barrow, the jury were justified in finding that he was pushing his barrow ahead of him, that when he reached the derrick he tried to pass by turning his barrow sidewise, that it became stuck, being held by the derrick, and that in his effort to extricate it one of the handles hit him on the chest, knocked him off the planks, from which he fell to his death to the floors below. As the deceased was leaving the platform to return to the elevator, he and those working with him were urged to hurry up to make way for others following.

I think the judgment entered upon the verdict in favor of the plaintiff should be affirmed. The charge of negligence is that the defendant did not provide a safe place to work, and the jury were justified in finding negligence in this respect under the circumstances, where an 18-inch runway provided to be used by men trundling wheelbarrows, suspended in the air, unprotected, was obstructed in such a manner as to require the moving of the barrow sidewise to allow passage. The risk that the deceased assumed was that of moving his barrow along a narrow runway, elevated in the air, whose condition had been made reasonably safe for the purpose for which it was intended, and was not the risk incident to an effort to free his barrow, which had been caught in an obstruction in that way. The intestate was not guilty of contributory negligence in using the return runway, instead of the going; for others were following him with loaded barrows upon the latter, and he was, even at this time, urged by the foreman to hasten out of the way. Nor can it be held as a matter of law that he was guilty of contributory negligence in allowing his barrow to become caught in the derrick. The evidence of one of the plaintiff's witnesses was that in approaching the derrick the intestate was endeavoring to pass it by turning his wheelbarrow sidewise in the necessary manner. The jury was justified in finding, also, that he was not guilty of contributory negligence in trying to extricate his implement; for the exigencies of the situation required him to clear the way, to act and to act quickly, and there is no suggestion that he was adopting any unusual

or improper method in trying to accomplish the result. There is no satisfactory evidence that he had used this return runway before. It certainly affirmatively appears that he had not used it that morning, and it likewise appears that the position of the derrick had been recently changed.

The judgment and order should be affirmed, with costs. All concur.