(63 Misc. Rep. 337.)

## FAGAN v. WELLS BROS. CO.

(Supreme Court, Appellate Term.  May 27, 1909.)

1. MASTER AND SERVANT (§ 107*) — INJURIES — NEGLIGENCE IN CONSTRUCTING WAYS.

If a runway, on which wheelbarrows were run and under which plaintiff and other employés worked, was so built that a wheelbarrow could only fall off and injure workmen below by an employé's negligence, the employer was not negligent in not providing a safe place for the workmen beneath ; but, if such an accident could have been apprehended and guarded against, he was negligent.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 107.*]

2. MASTER AND SERVANT (§ 201*)—INJURIES—NEGLIGENCE—CONCURRENT NEGLIGENCE OF MASTER AND FELLOW SERVANT.

If an employer constructed a runway for wheelbarrows under which other employés worked in such a way as to make it unsafe to employés working under it to run wheelbarrows over the way, he would be liable for injuries resulting from a wheelbarrow falling over the runway, even though the accident was caused partly by the negligence of the employé shoving the wheelbarrow.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. § 201.*]

3. MASTER AND SERVANT (§ 229*)—INJURIES—NEGLIGENCE.

In determining whether an employer constructed a runway, over which wheelbarrows are run and beneath which employés work, in such a manner that an accident could not occur except through an employé's negligence, a high degree of care should not be required of such employés, as the employer should have apprehended that they would not always exercise active and alert care.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 674; Dec. Dig. § 229.*]

4. MASTER AND SERVANT (§ 286*) — INJURIES — JURY QUESTION—NEGLIGENCE—PLACE OF WORK.

Where the conditions surrounding a place in which an employé works are such that fellow employés must exercise some degree of care to prevent injuring him, it is a question for the jury whether the employer was justified in anticipating that his employés would exercise the requisite degree of care, in determining whether he had furnished a safe place of work.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

5. MASTER AND SERVANT (§ 286*)—INJURIES—JURY QUESTION—NEGLIGENCE.

In a servant's action for injury sustained by a wheelbarrow, which was being run over a runway above where plaintiff was working, falling off at a place where two runways lapped, and injuring him, whether the employer should have anticipated some injury to employés from so constructing the runway *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Michael Fagan against the Wells Bros. Company of New York.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

James B. Henney, for appellant.
Harold A. Callan, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. Plaintiff was injured while working for defendant in an areaway or excavation by the fall of a wheelbarrow loaded with stone. It appears that the barrow fell from a runway furnished by the defendant to its workmen. This runway was built for the purpose of wheeling the barrows from a hoist to a wagon dump. The workman who had been in charge of the wheelbarrow which fell upon plaintiff testified that:

"There was another run which came up on a lap upon this one, and it left me so that I had to go on the left side of the run to escape from the lap of another run that was going on the same floor with about one plank and a half, and upon that I had to rest my hands like this (indicating) to clear these planks, and in dropping the barrow I had to lift my hands to clear this, and the barrow, being a little bit heavily loaded, overbalanced and went over into the cellar."

On cross-examination this workman testified that he had been at work for 2½ weeks and had no accident before. The runway was in the same condition, and he had gone up more times than he could count. The defendant's foreman testified that, while this runway was lapped by another runway, the space left was as wide as is customary in a runway, and the second runway formed no obstruction to a wheelbarrow.

The sole question in this case is whether an areaway under a runway built and used, as in this case, without any protection from above, is a safe place to work. Witowski v. Carter & Sons Co., 60 App. Div. 577, 70 N. Y. Supp. 232; Morrissey v. Dwyer, 121 App. Div. 247, 105 N. Y. Supp. 821. If the runway was built in such a way that the accident could occur only through the negligence of one of the workmen, then we must hold as a matter of law that the master was justified in believing that he had performed his full duty in providing a safe place, because the master is not bound to guard against the negligence of plaintiff's fellow workmen; but, if such an occurrence could have been apprehended and guarded against, then he was negligent, and even though in this particular case the barrow may have fallen through the negligence of plaintiff's fellow servant, yet that would be only a concurring cause of injury, if the defendant was also negligent, and the defendant would nevertheless be liable. Kremer v. N. Y. Edison Co., 102 App. Div. 433, 92 N. Y. Supp. 883, and cases therein cited.

Moreover, in considering the question whether such an occurrence could occur, except through the negligence of a fellow servant, the courts should not require a high degree of care. A master cannot apprehend that his workmen will be negligent; but he can apprehend that they will not always exercise active and alert care. In the case of Morrissey v. Dwyer, 121 App. Div. 247, 105 N. Y. Supp. 821, there was an obstruction described as follows:

"A man with a loaded wheelbarrow could not pass the derrick; but * * * by being careful he could take an empty wheelbarrow along that way by turning it sideways."

It was there held that this master had not performed his duty in furnishing his workmen with a safe place to work. It seems to me that in all cases where the employé is working in a place where the conditions are such that his fellow employés must exercise some degree

of care to avoid injuring him, it is a question for the jury whether the employer was justified in anticipating that his employés would exercise the requisite degree of care. The testimony of plaintiff's fellow workman that he had used the runway more times than he could count is strongly corroborative of the testimony of defendant's foreman that no injury could occur except through the negligence of a workman; yet it seems to me that, in view of the fact that there were two runways lapping each other at the point where the accident occurred, it was a question for the jury whether or not the defendant was negligent in not providing some protection against falling débris.

The judgment should be affirmed, with costs. All concur.